**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4555**

———————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DAVID MCDOWELL ROBINSON,

              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Richard D. Bennett, District Judge. (1:07-cr-00087-RDB-1)

———————

Submitted:  July 23, 2009         Decided:  July 31, 2009

———————

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

David McDowell Robinson, Appellant Pro Se. Jefferson McClure Gray, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Robinson pled guilty, without the benefit of a plea agreement, to eleven counts of wire fraud and sixteen counts of mail fraud, in violation of 18 U.S.C. §§ 1341, 1343 (2006). Robinson was sentenced to 188 months' imprisonment, and he timely appeals.

First, Robinson alleges that the district court erred in accepting his guilty plea. In the absence of a motion to withdraw a guilty plea in the district court, we review for plain error the adequacy of the guilty plea proceeding under Fed. R. Crim. P. 11. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our examination of the record shows that the district court fully complied with the requirements of Rule 11. Robinson's plea was knowingly, voluntarily, and intelligently entered, and supported by a factual basis. We therefore find no error.

Robinson further argues that the district court improperly calculated the amount of loss attributable to him. In a fraud case, the Government must establish the amount of loss for sentencing purposes by a preponderance of the evidence. United States v. Pierce, 409 F.3d 228, 234 (4th Cir. 2005). This court reviews the amount of loss, to the extent that it is a factual matter, for clear error. United States v. West, 2 F.3d 66, 71 (4th Cir. 1993). This deferential standard of

review requires reversal only if this court is "left with the definite and firm conviction that a mistake has been committed." United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005) (internal quotation marks and citation omitted). We find that the district court did not clearly err in its loss calculations.

Next, Robinson contends that the district court erred by failing to downwardly depart from the guideline range pursuant to U.S. Sentencing Guidelines Manual § 5K1.13 (2007), based on his diminished capacity. This ruling is not reviewable unless the district court was under the mistaken impression that it lacked the authority to depart. United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Here, the district court clearly understood its authority to depart and simply declined to do so; therefore, this claim is not cognizable on appeal.

Robinson's final claim, seeking credit for time served for a violation of supervised release imposed on an earlier conviction, lacks merit. The district court was under no obligation to credit time served on a sentence imposed in an earlier conviction.

Accordingly, we affirm Robinson's convictions and sentence. We deny his motion for a writ of mandamus and motions to strike the Government's brief. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED